IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

TERRY LEE                                                                                           PLAINTIFF
ADC #120960

v.                                   No: 2:22-cv-00023 JM-PSH

TERRI N. MOODY, *et al.*                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I. Introduction

Plaintiff Terry Lee, an Arkansas Division of Correction inmate,[1] filed this *pro se* civil rights complaint raising Eighth Amendment deliberate indifference claims

---

[1] Lee was incarcerated at the East Arkansas Regional Unit when he filed this lawsuit on February 8, 2022. Doc. No. 2. He has since been transferred to the Maximum Security Unit in Tucker, Arkansas. Doc. No. 7.

against defendants Director Rory Griffin, Dr. Gary R. Kerstein, Health Services Administrator Gregory Rechcigl, and nurse practitioners Terri N. Moody, Tracy Bennett, and Patrick S. Drummond (Doc. Nos. 2, 6). On a prior motion for summary judgment, the Court determined that Lee exhausted available administrative remedies with respect to his claims against Dr. Kerstein based on a January 13, 2021 encounter, and against Moody based on a February 5, 2021 encounter. Doc. Nos. 57 & 61. Lee's other § 1983 claims against Dr. Kerstein and Moody and his § 1983 claims against defendants Bennett, Drummond, Griffin, and Rechcigl were dismissed without prejudice due to his failure to exhaust available administrative remedies. *Id.* Lee sued for injunctive relief,[2] compensatory damages, and punitive damages. Doc. No. 6 at 40-45.

Before the Court is a motion for summary judgment, brief-in-support, and statement of facts filed by the remaining defendants, Dr. Kerstein and Moody (the "Defendants") (Doc. Nos. 84-86). Lee filed a response to the Defendants' motion, a brief-in-support, and opposition to the Defendants' statement of facts (Doc. Nos. 92-94). The Defendants' statement of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute, and they are entitled to

---

[2] Lee's claims for injunctive relief are moot because he is no longer incarcerated at the East Arkansas Regional Unit where defendants Dr. Kerstein and Moody work. *See generally Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985) ("[A] prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions.").

judgment as a matter of law.

## II.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, and must instead demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted).

An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .". Fed. R. Civ. P. 56(c)(1)(A). A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or

presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

In *Reed v. City of St. Charles, Mo.*, 561 F.3d 788 (8th Cir. 2009), the Eighth Circuit Court of Appeals discussed the requirement that facts be viewed in the light most favorable to the nonmoving party when considering a motion for summary judgment.  The Court stated, "[i]f 'opposing parties tell two different stories,' the court must review the record, determine which facts are material and genuinely disputed, and then view those facts in a light most favorable to the non-moving party—as long as those facts are not so 'blatantly contradicted by the record . . . that no reasonable jury could believe' them." *Id.* at 790 (*quoting Scott v. Harris*, 550 U.S. 372, 380 (2007)).

### III.  Lee's Claims

In his amended complaint, Lee alleges that he submitted a sick call request regarding a shoulder injury, and on January 13, 2021, Dr. Kerstein denied him a double handcuff prescription, pain medication, a sling, an MRI, and an appointment

with a specialist. Doc. No. 6 at 7-11, 24-26. Lee further claims that Dr. Kerstein cancelled his work and lower bunk restrictions without conducting a physical examination of him or reviewing his medical records. *Id*.

Lee also alleges that nurse practitioner Moody denied him a double handcuff prescription, a sling, an MRI, and an appointment with a specialist during a visit on February 5, 2021. *Id.* at 16-17, 26-27. He alleges that Moody prescribed ibuprofen which did nothing for his pain, and that Moody did not conduct a physical examination or review his medical records during this visit. *Id.*

## IV. Evidence Provided[3]

### *Lee's Relevant Medical Records*[4]

On May 3, 2019, APN Patrick Drummond requested an MRI of Lee's right shoulder, due to his complaints of shoulder pain after a recent altercation with

---

[3] Lee argues that the Defendants did not "reasonably participate in discovery" because they objected to some of his interrogatories and provided incomplete answers. Doc. No. 93 at 11. Although Lee filed several motions to compel, all were denied because he provided no evidence he attempted to confer with the Defendants as required by Fed. R. Civ. P. 37(a). *See* Doc. Nos. 26, 39 & 83. Accordingly, the Court never reached the merits of his complaints regarding the Defendants' discovery answers.

[4] The Defendants submitted copies of Lee's medical records for January 13, 2021, and February 5, 2021, March 5, 2021 (Doc. Nos. 87-2 & 87-5) and an X-ray report from February 2, 2022 (Doc. No. 87-6). Lee submitted additional medical records to evidence his history of complaining about shoulder pain, both before and after the January and February 2021 encounters with Defendants. *See* Doc. No. 94 at 49-52, 61. He also provided evidence that he had a double cuff prescription as well as bottom bunk and certain work restrictions in 2018, *id.* at 62-63, and that he had a double cuff prescription in 2022-2023. *Id.* at 72. Additional medical records submitted by Lee do not concern his complaints of shoulder pain and therefore have no relevance to this case. *Id.* at 53-59.

another inmate. Doc. No. 94 at 49. It appears that Dr. Jefferey C. Stieve recommended alternative treatment on May 3, 2019, which was accepted by Drummond on May 6. 2019. *Id.* at 50. It is not clear what alternative treatment was recommended.

On January 13, 2021, Lee presented to Health Services to discuss renewal of his double cuff prescription "for shoulder pain x '10 years.'" Doc. No. 87-4 at 1. Dr. Kerstein noted that Lee did not appear to be in any discomfort or distress although he was cuffed behind his back. *Id.* He also noted that Lee was not cooperative with questioning and could not give him a direct answer as to why he needed a double cuff prescription or lower bunk and work restrictions. *Id.* Dr. Kerstein examined Lee and noted no physical impairment. *Id.* at ¶ 3. He terminated Lee's double cuff prescription as well as his lower bunk and work restrictions. *Id.* Lee disputes that Dr. Kerstein actually examined him during this encounter and states that he was double cuffed at the time. Doc. No. 94 at 4.

On February 5, 2021, Lee presented to Health Services and was examined by Moody. Doc. No. 87-2; Doc. No. 87-5. Moody noted that Dr. Kerstein had terminated Lee's scripts and he requested pain medication. Doc. No. 87-5 at 1. She also noted that Lee was cuffed behind his back without difficulty and had full range of motion to his arm. *Id.* Moody further noted that Lee had full range of motion to his arm in prior visits according to his records. She indicated that his cuffs were not

removed at that visit because he called her a slut and she was concerned for her safety. *Id.* Moody ordered ibuprofen for Lee's pain and directed him to return to sick call as needed. *Id.* Lee points out that Moody did not examine him and could not test his range of motion on the February 5 visit because his handcuffs were not removed. Doc. No. 94 at 5.

On March 5, 2021, APN Tracy Bennett treated Lee for his complaints of shoulder pain. Doc. No. 87-2. She noted that a March 25, 2019 x-ray revealed normal shoulder joints and no separation, fracture or dislocation and that the conclusion of the radiologist, Dr. Reono Bertagnolli, M.D., was "Normal right shoulder." *Id.* Bennett noted that Lee should continue taking ibuprofen for pain and directed him to return to sick call as needed. *Id.* Lee submitted another sick call on March 7, 2021, stating that his right shoulder continued to hurt and the ibuprofen was not working. Doc. No. 94 at 51.

An x-ray of Lee's right shoulder taken on February 7, 2022, revealed anatomical bones with mild degenerative changes. Doc. No. 87-6. No fracture, dislocation, or bony abnormalities were seen. *Id.* at 1. The x-ray results were reviewed on February 15, 2022, and it was noted that there was no clinical need for follow-up at that time. *Id.* at 2.

### *Dr. Nicholas Gowen's Opinion*

Dr. Nicholas Gowen, a non-party medical doctor, signed an affidavit in

support of the Defendants' motion for summary judgment (Doc. No. 87-1). Dr. Gowen reviewed Lee's medical records to determine if Lee suffered any medical issues relating to his shoulder. Doc. No. 87-1 at ¶ 3. He noted that Lee's medical history is significant for hypertension and hyperthyroidism, but found no medical diagnosis relating to his shoulder.[5] *Id.* at ¶¶ 4-5. He noted that the March 2019 x-ray revealed a normal right shoulder and that the February 2022 x-ray revealed mild degenerative changes and no bony abnormalities. *Id.* at ¶ 5. Dr. Gowen further noted that Dr. Kerstein examined Lee on January 13, 2021, and found no physical impairment, and that Moody examined Lee on February 5, 2021, and noted he had full range of motion to his arm. *Id.* at ¶¶ 6-7. Dr. Gowen concluded that Dr. Kerstein and Moody's care and treatment of Lee on these dates were appropriate and adequate. *Id.*

## V. Analysis

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble,* 429 U.S. 97, 102–03 (1976). To succeed with an inadequate medical care claim, an inmate must show that the prison official was

---

[5] Lee challenges Dr. Horan's opinion by providing a number of grievances he filed complaining about a shoulder injury or other medical ailments. Doc. No. 94 at 13-27. The fact that Lee complained about shoulder pain over a period of time does not equate a *medical diagnosis* relating to his shoulder.

deliberately indifferent to the inmate's serious medical needs. *Coleman v. Rahija,* 114 F.3d 778, 784 (8th Cir. 1997). This requires a two-part showing that (1) the inmate suffered from an objectively serious medical need, and (2) the prison official knew of the need yet deliberately disregarded it. *Id.; see also Farmer v. Brennan,* 511 U.S. at 837; *Estelle v. Gamble,* 429 U.S. 97, 105 (1976). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

Viewing the evidence in the light most favorable to Lee, the Court finds that the undisputed material evidence in the record does not establish that either Dr. Kerstein or Moody was deliberately indifferent to Lee's serious medical needs. During the January 13 encounter, Dr. Kerstein documented Lee's complaint of shoulder pain. He noted that he had reviewed Lee's records and that Lee was in no apparent distress while handcuffed behind his back. He also noted that Lee was not cooperative with questioning and could not give him a direct answer as to why he needed a double cuff prescription or lower bunk and work restrictions.

Likewise, on February 5, Moody documented that she reviewed Lee's records and prescribed ibuprofen to address his complaints of pain. Moody noted that Lee had full range of motion to his arm in prior visits according to his records. Although

she documented full range of motion, she could not do a full range of motion on February 5 because she was concerned for her safety after Lee called her a slut; thus, his cuffs were not removed.

Accepting as true Lee's allegations that Dr. Kerstein and Moody did not physically examine him at these encounters, there is no evidence that either Dr. Kerstein or Moody was deliberately indifferent to Lee's complaints. First, Lee's actions in each visit limited his interactions with Dr. Kerstein and Moody. He was uncooperative with Dr. Kerstein and could not explain the basis for prior double cuff restrictions. He was verbally abusive to Moody to the extent she felt her safety would be at risk if his cuffs were removed. His actions limited the extent to which Moody could test his range of motion, but she was still able to determine he showed no discomfort while his hands were cuffed behind his back, and she documented that prior range of motion findings were normal.

Additionally, Dr. Kerstein and Moody simply did not find that Lee's complaints warranted the treatment he requested. And the fact that another provider (Drummond) gave Lee the double cuff prescription he wanted and requested an MRI of his shoulder does not mean that Dr. Kerstein or Moody's treatment decisions were deliberately indifferent. Rather, the providers simply disagreed as to the appropriate treatment for Lee's complaints. And a mere disagreement regarding treatment does not equate a constitutional violation. *See Estate of Rosenberg by Rosenberg*, 56 F.3d

at 37.

Furthermore, Dr. Gowen reviewed Lee's medical records, found no diagnosis regarding his shoulder, and concluded that Dr. Kerstein and Moody's treatment of Lee on the dates in question was appropriate. Lee has provided no evidence to refute Dr. Gowen's opinion. *See Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) (quoting *Flentje v. First Nat'l Bank of Wynne,* 340 Ark. 563, 11 S.W.3d 531 (2000) ("When the movant makes a prima facie showing of entitlement to a summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact."). Accordingly, there is no material fact in dispute and the Defendants should be awarded summary judgment.

## VI.  Conclusion

The undisputed facts establish as a matter of law that the Defendants' treatment of Lee does not evidence deliberate indifference to his serious medical needs. The undersigned therefore recommends that the Defendants' motion for summary judgment (Doc. No. 85) be granted. Lee's pending claims of deliberate indifference against Dr. Kerstein and Moody should be dismissed with prejudice.

SO RECOMMENDED this 16th day of July, 2024.

_____
UNITED STATES MAGISTRATE JUDGE